**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHNNY BANDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2021 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice. For the reasons stated below, this Court DISMISSES this application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges convictions for sexual assault and incest in the 272nd District Court of Brazos County, Texas. The state court convicted him on August 3, 1998. Petitioner received a fifty-year and a ten-year sentence. Petitioner reports he did not appeal his convictions. Petitioner states he filed a state writ application challenging his convictions on March 20, 2000. He filed a second state application, which the

1

Texas Court of Criminal Appeals denied in August of 2000. Petitioner filed this federal application on May 10, 2005.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(West 1996).

Petitioner's conviction became final under subsection 2244(d)(1)(A) on September 2, 1998. That date is thirty days after the judgment of conviction and the

last day to file an appeal. *See* TEX. R. APP. PROC. 26.2(a). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to Petitioner's claims. Under subsection (A) of section 2244(d)(1), the limitation period expired, unless tolled, on September 2, 1999, one year after the conviction became final by the expiration of the time for seeking direct review.

Petitioner filed his first state writ application on March 20, 2000, more than six months after the limitation period expired. Therefore, the pendency of Petitioner's state habeas application did not toll the limitation period "because it was not filed until *after* the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original). Petitioner filed this federal application on May 10, 2005, more than five years after the limitation period expired. Petitioner's federal application is time barred.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Accordingly, it is ORDERED that this action be DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 21st day of June, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge